```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TERRY SIMON                                   CIVIL ACTION

VERSUS                                        NO: 14-1730

CITY OF NEW ORLEANS, ET AL.                   SECTION: "A" (1)
```

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6)(Rec. Doc. 17)** filed by defendants Jonathan Burnette, Max Schuler, Mayor Mitchell Joseph Landrieu, the New Orleans Police Department, and Sgt. Sherman Mushatt.[1] Plaintiff Terry Simon opposes the motion. The motion, scheduled for submission on March 11, 2015, is before the Court on the briefs without oral argument.

This action arises out of plaintiff Terry Simon's encounter with members of the New Orleans Police Department on July 31, 2013. According to the Complaint, Officers Burnette and Schuler were executing a citation on a driver whose vehicle was blocking Simon's driveway. When the officers ignored Simon's request to move the vehicle the scene escalated and the officers placed Simon under arrest. (Rec. Doc. 1 ¶ 22). Simon complains that he was placed in

---

[1] The City of New Orleans is not named in the motion as a movant but the Court assumes that this was an oversight by counsel. The motion contains arguments regarding *Monell* liability that are clearly specific to the City.

the back of the police car with no air for an extended period of time and that he suffered anxiety as a result. (Rec. Doc. 1 ¶ 24). The Complaint does not indicate one way or the other whether the officers took Simon to the station for booking or simply released him at the scene when they were through with the citation. Plaintiff seeks one million dollars in damages. (*Id.* ¶ 26).

Defendants now move to dismiss the Complaint arguing that the Court lacks subject matter jurisdiction because the allegations are too vague to invoke federal law. Alternatively, Defendants argue that the allegations are too vague to state a claim for relief.

The motion is denied as to the Rule 12(b)(1) subject matter jurisdiction challenge. Plaintiff specifically invokes the Fourth Amendment in his Complaint and the facts alleged undisputedly state a claim for a Fourth Amendment violation for either false arrest and/or excessive force. Federal law requires only "a short and plain statement." Fed. R. Civ. Pro. 8(a). Whether the Complaint states a claim for any of the other numerous constitutional provisions enumerated in the allegations is of no moment. For purposes of federal jurisdiction, the Fourth Amendment claim provides a basis for original subject matter jurisdiction.

The motion is granted in part and denied in part as to the Rule 12(b)(6) challenge. The motion is granted as to defendants Mayor Landrieu and Sgt. Mushatt because the Complaint contains no factual allegations whatsoever to suggest personal involvement on their part. The motion is also granted as to any *federal* claims

against the City of New Orleans because the allegations fail to support the inference that the arrest/force was the result of a policy or custom of the City. The motion is granted as to the New Orleans Police Department, an entity that Plaintiff does not dispute is incapable of being sued.

The motion is denied in all respects as to defendants Burnette and Schuler, the only two defendants whose specific conduct caused the alleged violation of rights. [2] The motion is denied as to the City vis à vis any state law claims because respondeat superior may apply.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6)(Rec. Doc. 17)** filed by defendants Jonathan Burnette, Max Schuler, Mayor Mitchell Joseph Landrieu, the New Orleans Police Department, and Sgt. Sherman Mushatt is **GRANTED IN PART AND DENIED IN PART** as explained above. The complaint is dismissed in its entirety as to defendants Mayor Mitchell Joseph Landrieu, the New Orleans Police Department, and Sgt. Sherman Mushatt.

March 17, 2015

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] The Court assumes that Burnette and Schuler are sued in their personal capacities only. An official capacity claim against these defendants is not viable for the same reasons that Plaintiff fails to state a claim under federal law against the City.